**CITY OF TOLEDO, Appellee,**

v.

**WACENSKE, Appellant.**

[Cite as *Toledo v. Wacenske* (1994), 95 Ohio App.3d 282.]

Court of Appeals of Ohio,
Lucas County.

No. L–93–298.

Decided May 27, 1994.

*Darrell M. Crosgrove,* for appellee.

*George Rogers,* for appellant.

MELVIN L. RESNICK, Judge.

This case comes before the court on appeal from a judgment of the Toledo Municipal Court which found appellant, Dwayne L. Wacenske, guilty of violating Toledo Municipal Code 337.02(d).

On July 4, 1993, at approximately 5:40 p.m., appellant was operating his motorcycle on Water Street in Toledo, Ohio, when he was stopped by a Toledo police officer. Appellant was cited for operating his motorcycle without having his headlight on as required by Toledo Municipal Code 337.02(d).

On September 21, 1993, appellant filed a motion in which he asked the municipal court to declare the ordinance unconstitutional. Appellant asserted that Toledo Municipal Code 337.02(d) placed a burden upon interstate travel and violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In the alternative, appellant argued that, under *Lambert v. California* (1957), 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228, the Due Process Clause of the Fourteenth Amendment to the United States Constitution required appellee, the city of Toledo, to demonstrate that appellant had actual knowledge of the ordinance or the probability of such knowledge.

On November 18, 1993, the trial court denied appellant's motion and found him guilty of the charged offense. Appellant appeals that judgment and asserts the following assignments of error:

"When a municipality by ordinance criminalizes conduct that has not been criminalized by the state of Ohio causing nonuniform operation of the law in the state of Ohio and when the conduct is not of such a nature to inherently alert a potential offender that the conduct is likely to be criminalized, due process of the Fourteenth Amendment requires the municipality to establish that any accused

had actual knowledge of the ordinance or show the probability of such knowledge."

"When a municipality by ordinance criminalizes conduct involving the operation of a motor vehicle that has not been criminalized by the state of Ohio causing nonuniform operation of the law in the state of Ohio, and the municipality does not require before conviction of a nonresident offender proof of actual knowledge of the ordinance or probability of knowledge of such ordinance, then the ordinance is unconstitutional as a burden on interstate travel."

"An ordinance which establishes a classification between operators of vehicles on a highway and which impinges upon rights to due process and to the right to travel and for which classification the city has no compelling interest, violates the Equal Protection Clause of the Constitution of the United States."

"When a municipal ordinance criminalizes failure to have a headlight in operation during daylight hours while operating a motorcycle, when such conduct is not criminalized by the state of Ohio, and when the municipality does not apply such daylight headlight operation to bicycles and automobiles that also use the roadway, and when such municipality convicts a nonresident with [sic] violation of such ordinance without making a showing that the violator knew or probably knew of such ordinance, such conviction is unconstitutional as applied."

The ordinance challenged by appellant in all of his assignments of error reads:

"Every motorcycle upon a street or highway open to traffic within this City, regardless of the hour of the day or night, shall display lighted lamps and illuminating devices as hereinafter respectively required for different classes of vehicles, subject to exceptions with respect to parked vehicles as hereinafter stated. No motorcycles shall be operated upon a street or highway within this City using only parking lights as illumination." Toledo Municipal Code 337.02(d).

The arguments supporting each of appellant's assignments of error tend to intertwine separate constitutional principles. Appellant, however, actually raises only two federal constitutional arguments in his assignments of error. First, he contends that, pursuant to *Lambert*, Toledo Municipal Code 337.02(d) violates due process (appellant's first assignment of error). Second, appellant maintains that the ordinance affects a fundamental right, the right to travel, and therefore strict scrutiny must be utilized in any equal protection analysis (assignments of error two, three and four). In addition, appellant, in contending that all traffic laws in the state of Ohio must be "uniform," argues that Toledo Municipal Code 337.02(d) is in conflict with the general law of Ohio.

In *Lambert, supra,* 355 U.S. at 229, 78 S.Ct. at 243, 2 L.Ed.2d at 231–232, the Supreme Court of the United States found that a municipal ordinance which made it a crime for a convicted felon to remain within the city of Los Angeles for

more than five days without registering with the police could not, consistent with due process, be applied to a person who did not know of the duty to register. While the court's analysis is couched in terms of notice, *Lambert* stands for the proposition that particular crimes cannot be established as strict liability offenses, *i.e.*, must contain an element of intent or scienter. *United States v. Erne* (C.A.9, 1978), 576 F.2d 212, 214. See, also, *Stanley v. Turner* (C.A.6, 1993), 6 F.3d 399, 404. Nevertheless, *Lambert* is not applicable in cases involving less serious infractions of regulatory statutes, that is, for strict liability offenses. *Stanley, supra,* fn. 3. Thus, the question in appellant's first assignment of error is whether Toledo Municipal Code 337.02(d) can be a strict liability offense.

In this case, Toledo Municipal Code 337.02(d) does not contain an element of intent. However, pursuant to *Morrisette v. United States* (1952), 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288, regulations passed for the public welfare are enforced despite the lack of a guilty intent. The earmarks of such regulations are that:

"Many of these offenses are not in the nature of positive aggressions or invasions, * * * but are in the nature of neglect where the law requires care, or inaction where it imposes a duty. Many violations of such regulations result in no direct or immediate injury to person or property but merely create the danger or probability of it of which the law seeks to minimize. * * * [P]enalties commonly are relatively small, and conviction does no grave damage to an offender's reputation." *Morrisette, supra,* at 255–256, 72 S.Ct. at 246, 96 L.Ed. at 296.

■ Therefore, in Ohio, intent is not required in a statute or ordinance if the accused had the means of knowledge relating to the facts of the violation, or where, due to the substantial and significant public interest involved, the accused had a duty to ascertain the facts of the violation. *Middletown v. Campbell* (1990), 69 Ohio App.3d 411, 416, 590 N.E.2d 1301, 1304.

■ This case involves a traffic offense, a class of law specified by *Morrisette, supra,* 342 U.S. at 262, 72 S.Ct. at 249, 96 L.Ed. at 299–300, as being amenable to the imposition of strict liability. Further, the ordinance is one enacted for the protection and safety of the motoring public. The ordinance protects motorists by providing greater visibility of a motorcycle, thereby preventing accidents in which both the motorist and the cyclist could be injured, or even killed. The offense is a minor misdemeanor having a relatively small penalty. Therefore, because the public welfare is involved, appellant had the duty to ascertain the facts of the violation. Accordingly, we find that strict liability can be imposed for a violation of Toledo Municipal Code 337.02(d).

Appellant's first assignment of error is found not well taken.

In his second, third and fourth assignments of error, appellant maintains that Toledo Municipal Code 337.2(d) violates the Equal Protection Clause of the Fourteenth Amendment, United States Constitution, or, in the alternative, that the ordinance was applied to him in such a way as to violate his right to equal protection under the law. Appellant further asserts that because his fundamental right to travel is affected by the ordinance, strict scrutiny must be employed in an equal protection analysis.

Equal protection under the law requires that no person or class of persons shall be denied the protection afforded by laws to other persons or classes in like circumstances. *Nordlinger v. Hahn* (1992), 505 U.S. ——, 112 S.Ct. 2326, 120 L.Ed.2d 1. However, the Equal Protection Clause does not prevent classifications; it simply forbids laws which treat differently persons who are in all relevant respects alike. *Id.* In determining whether a statute or ordinance violates the right to equal protection, a court must initially determine whether the class distinction drawn involves a suspect class or fundamental right. *Roseman v. Firemen & Policemen's Death Benefit Fund* (1993), 66 Ohio St.3d 443, 447, 613 N.E.2d 574, 577. If no suspect class or fundamental right is involved, the classification is subject to a "rational basis" scrutiny. *Id.* Under this standard, the classification does not violate equal protection if it bears a rational relationship to a legitimate governmental interest. *Id.* If a suspect class or fundamental right is involved, "strict scrutiny" is applicable. The challenged statute must further a compelling state interest and be narrowly drawn to serve only that interest. See, *e.g., Loving v. Virginia* (1967), 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010.

In this case, appellant contends that the Toledo ordinance violates equal protection because automobiles and bicycles, that is, other "vehicles" (see R.C. 4511.01[A]) within the same class, are not required to operate with their headlights on during the daylight hours. Appellant argues that because the "right to travel" is involved in this cause, strict scrutiny is applicable. We disagree.

The right to interstate travel as a fundamental right was recognized in *Shapiro v. Thompson* (1969), 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600, a case that was predicated on durational residency requirements for welfare recipients. It is uncontradicted that appellant was not engaged in interstate travel at the time that he was ticketed. However, he contends that the right to travel intrastate is also a fundamental right as stated in *Spencer v. Casavilla* (C.A.2, 1990), 903 F.2d 171. *Spencer* is readily distinguishable from the case at bar. *Spencer* was a civil rights conspiracy action brought by the parents of a young black man who was beaten to death while he was traveling within the state of New York. The *Spencer* court held that a claim for relief was stated under the conspiracy statute

by "alleging that private defendants have, with racial animus," violated an individual's constitutional right to travel within a state. This holding did not relate to the right to equal protection under the law. Furthermore, appellant fails to cite any authority finding that the right to travel by motor vehicle within a state is a fundamental right. See *Cincinnati v. Shannon* (1979), 64 Ohio App.2d 58, 60, 18 O.O.3d 40, 41, 410 N.E.2d 1265, 1267. Thus, we find that a fundamental right is not involved in this case and, accordingly, the rational basis test is applicable.

■ We hold that Toledo Municipal Code 337.02(d) bears a rational relationship to the legitimate governmental interest of public safety and welfare because its overall purpose is to protect the motoring public, as well as the motorcycle operator.

As to a claim of unequal application of Toledo Municipal Code 337.02(d), the classification under the ordinance is "motorcycles." Appellant did not demonstrate that the ordinance has been applied to this case in a discriminatory fashion. *Elsaesser v. Hamilton Bd. of Zoning Appeals* (1990), 61 Ohio App.3d 641, 647–648, 573 N.E.2d 733, 737–738.

Appellant's second, third and fourth assignments of error as they relate to any alleged violation of his right to equal protection are found not well taken.

■ Finally, to the extent that appellant's assignments of error assert that Toledo Municipal Code 337.02(d) is not in conformity with state law, we direct his attention to *State v. Parker* (1994), 68 Ohio St.3d 283, 626 N.E.2d 106. Pursuant to *Parker*, we conclude that Toledo Municipal Code 337.02(d) is not inconsistent with R.C. 4511.53 or R.C. 4513.03. Accordingly, to the extent that they assert that the Toledo ordinance is unconstitutional under Ohio law because it is not "uniform," all of appellant's assignments of error are found not well taken.

On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial. The judgment of the Toledo Municipal Court is affirmed. Costs of this appeal assessed to appellant.

*Judgment affirmed.*

ABOOD, P.J., and HANDWORK, J., concur.