HUNTINGTON NATIONAL BANK ET AL., APPELLANTS,
*v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as *Huntington Natl. Bank v. Limbach* (1994), 71 Ohio St.3d 261.]

(No. 93–1501—Submitted November 1, 1994—Decided December 20, 1994.)

*Porter, Wright, Morris & Arthur, Ronald W. Gabriel* and *Joseph R. Ervine,* for appellants.

*Lee Fisher,* Attorney General, and *Richard C. Farrin,* Assistant Attorney General, for appellee.

---

*Per Curiam.* Huntington argues that it and foreign banks are in the same class and that taxing it at a higher rate than foreign banks denies it equal protection. The commissioner contends that Huntington's ability to accept deposits in Ohio forms a rational basis to distinguish between it and foreign banks.

According to *Nordlinger v. Hahn* (1992), 505 U.S. ——, ——, 112 S.Ct. 2326, 2331–2332, 120 L.Ed.2d 1, 12:

"The Equal Protection Clause of the Fourteenth Amendment, § 1, commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws.' Of course, most laws differentiate in some fashion between classes of persons. The Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike. *F.S. Royster Guano Co. v. Virginia,* 253 U.S. 412, 415 [40 S.Ct. 560, 561, 64 L.Ed. 989, 990–991] (1920).

"As a general rule 'legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality.' *McGowan v. Maryland,* 366 U.S. 420, 425–426 [81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 398–399] (1961). Accordingly, this Court's cases are clear that, unless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an

inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest. See, *e.g., Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439–441 [105 S.Ct. 3249, 3254–3255, 87 L.Ed.2d 313, 320–321] (1985); *New Orleans v. Dukes*, 427 U.S. 297, 303 [96 S.Ct. 2513, 2517, 49 L.Ed.2d 511, 517] (1976)."

In *Bank One Dayton, N.A. v. Limbach* (1990), 50 Ohio St.3d 163, 553 N.E.2d 624, we ruled that the franchise tax did not violate a bank's equal protection guaranty. We concluded that the unique nature of the banking industry, for instance holding much more intangible property than other corporations, justified taxing banks at a higher rate to achieve tax parity with other corporations.

Nevertheless, as the commissioner argues, having a physical location in Ohio for receiving deposits in Ohio is a rational basis on which to distinguish Huntington from foreign banks. With this locational advantage, Huntington will receive more Ohio business than a foreign bank because, according to the testimony, more people will bank with the local bank. Of course, with this physical presence in Ohio comes Ohio's responsibility to protect the bank from theft and fire and to provide roads so that Huntington's customers may reach the bank to deposit their funds. Thus, a legitimate state interest exists to tax resident banks at a higher rate than foreign ones.

Accordingly, we affirm the decision of the BTA.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, CLOSE, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MICHAEL L. CLOSE, J., of the Tenth Appellate District, sitting for WRIGHT, J.