**The STATE of Ohio, Appellee,**

v.

**DAVENPORT, Appellant.**

[Cite as *State v. Davenport* (1996), 116 Ohio App.3d 6.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA96–03–020.

Decided Nov. 25, 1996.

8

*Timothy A. Oliver,* Warren County Prosecuting Attorney, and *Kenneth A. Ewing,* Assistant Prosecuting Attorney, for appellee.

*Allen & Crossley* and *Mitchell W. Allen,* for appellant.

POWELL, Judge.

On March 30, 1992, defendant-appellant, Jefferley A. Davenport, was indicted on four counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). Appellant subsequently accepted a plea bargain under which he agreed to enter guilty pleas to four counts of sexual imposition in violation of R.C. 2907.06(A)(4). The trial court sentenced appellant to two hundred forty days in jail and fined appellant $500. The trial court suspended the jail sentence and placed appellant on probation for a period of two years.

On December 21, 1995, appellant filed a petition to expunge the record of his convictions pursuant to R.C. 2953.32, which provides, in part, as follows:

"(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court * * * for the sealing of the record of his conviction, at the expiration of three years after his final discharge if convicted of a felony, or at the expiration of one year after his final discharge if convicted of a misdemeanor.

" * * *

"(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant.

"(C)(1) The court shall do each of the following:

"(a) Determine whether the applicant is a first offender * * *;

"(b) Determine whether criminal proceedings are pending against the applicant;

"(c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

"(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

"(e) Weigh the interests of the applicant in having the records pertaining to his conviction sealed against the legitimate needs, if any, of the government to maintain those records.

" * * *

"(2) If the court determines, after complying with division (C)(1) of this section, that the applicant is a first offender * * *, that no criminal proceeding is pending against him, and that the interests of the applicant in having the records pertaining to his conviction * * * sealed are not outweighed by any legitimate governmental needs to maintain such records, and that the rehabilitation of an applicant who is a first offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court * * * shall order all official records pertaining to the case sealed * * *."

The trial court held that R.C. 2953.36 precluded appellant from obtaining an expungement under R.C. 2953.32. R.C. 2953.36 took effect on December 9, 1994 and provides that "[s]ections 2953.31 to 2953.35 of the Revised Code do not apply to * * * convictions under section * * * 2907.06 [sexual imposition] * * *." The trial court denied appellant's petition for expungement in an order dated Febru-

ary 1, 1996. Appellant now appeals, setting forth the following assignments of error:

"Assignment of Error No. 1:

"The trial court committed plain error in ruling that R.C. 2953.36, as amended in 1994, could be applied to the appellant's petition to seal his record without violating due process under both the federal and the state Constitutions.

"Assignment of Error No. 2:

"The trial court committed plain error in ruling that R.C. 2953.36, as amended in 1994, does not constitute cruel and unusual punishment in violation of both the state and the federal Constitutions.

"Assignment of Error No. 3:

"The trial court committed plain error in ruling that R.C. 2953.36, as amended in 1994, does not violate the Equal Protection Clause of both the state and federal Constitutions as applied to him.

"Assignment of Error No. 4:

"The trial court erred in deciding that the amendment of R.C. 2953.36 was not unconstitutionally retroactive, under Section 28, Article II of the Ohio Constitution, as applied to the appellant's petition to have the record of his conviction [sic] sealed."

In his first assignment of error, appellant contends that R.C. 2953.36 violates his right to due process of law under the Ohio and United States Constitutions because it renders him ineligible for expungement under R.C. 2953.32. Appellant relies on the United States Supreme Court's decision in *Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427.

The defendant in *Santobello* was arrested and charged with several gambling offenses. *Id.* at 258, 92 S.Ct. at 497, 30 L.Ed.2d at 430–431. The defendant subsequently agreed to enter a guilty plea to a reduced charge in exchange for a promise by the prosecutor that he would make no sentencing recommendation to the trial judge. *Id.* The prosecutor later recommended to the trial judge that the defendant receive the maximum penalty and the defendant was sentenced accordingly. *Id.* at 259, 92 S.Ct. at 497, 30 L.Ed.2d at 431.

On appeal, the Supreme Court vacated the defendant's guilty plea. *Id.* at 263, 92 S.Ct. at 499, 30 L.Ed.2d at 433–434. The court held that due process requires the state to honor any promise or representation it may make to induce a guilty plea by the defendant. *Id.* at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 432–433. The court reasoned that "the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant

factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.*

Appellant urges us to extend the rationale of *Santobello* to the facts of this case. Appellant argues that he accepted the plea bargain offered by the state in 1992 with the expectation that he would be able to petition for the expungement of his convictions one year after completing his probation and that R.C. 2953.36 violates his right to due process because it renders him ineligible for expungement and thereby deprives him of the "benefit he bargained for" during the plea negotiations. We are not persuaded.

The record indicates that neither the prosecutor nor any other representative of the state ever promised appellant that he would be able to expunge his convictions at some later date if he accepted the plea bargain in this case. The mere fact that appellant chose to accept the state's plea bargain based upon some unilateral hope that he might be able to expunge his convictions in the future does not render expungement a fundamental right protected by due process or in any way restrict the General Assembly's authority to limit the offenders eligible for expungement under R.C. 2953.32. Accordingly, we find that R.C. 2953.36 does not violate appellant's right to due process of law under the Ohio and United States Constitutions. Appellant's first assignment of error is overruled.

In his second assignment of error, appellant contends that R.C. 2953.36 violates the Eighth Amendment prohibition on cruel and unusual punishment. The Eighth Amendment prohibits the states from enacting statutes which impose punishments that are either cruel and unusual by their very nature or grossly disproportionate to the severity of the crime committed. *Solem v. Helm* (1983), 463 U.S. 277, 284, 103 S.Ct. 3001, 3006, 77 L.Ed.2d 637, 645. R.C. 2953.36 does not impose any sentence of imprisonment, fine, or other criminal sanction, but instead merely limits the class of offenders who may seek an expungement after having served their sentence. Therefore, we find that appellant's Eighth Amendment claim is without merit because R.C. 2953.36 does not impose any form of punishment. Appellant's second assignment of error is overruled.

In his third assignment of error, appellant contends that R.C. 2953.36 violates the Equal Protection Clauses of the Ohio and United States Constitutions as the statute is applied to him. Appellant argues that R.C. 2953.36 treats him more harshly than other similarly situated sex offenders because he was trained as a teacher and will be unable to earn his teaching certificate unless he first obtains an expungement.

Equal protection under the law requires that no person or class of persons be denied the protection afforded by the law to other persons or classes in like

circumstances. *Huntington Natl. Bank v. Limbach* (1994), 71 Ohio St.3d 261, 262, 643 N.E.2d 523, 523–524. However, the Equal Protection Clause does not prevent all classifications. *Toledo v. Wacenske* (1994), 95 Ohio App.3d 282, 287, 642 N.E.2d 407, 410–411. It simply forbids laws which treat persons differently who are alike in all relevant respects. *Id.*

The first step in our equal protection analysis is to determine the appropriate standard of review. Statutes which discriminate based upon a "suspect classification" or which deprive a certain class of individuals of a fundamental right are subject to a "strict scrutiny" test, while statutes which do not need only be rationally related to some legitimate governmental interest. *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 289, 595 N.E.2d 862, 867; *Cincinnati Bd. of Edn. v. Walter* (1979), 58 Ohio St.2d 368, 373–374, 12 O.O.3d 327, 330–331, 390 N.E.2d 813, 817–818. R.C. 2953.36 classifies offenders and determines their eligibility for expungement based upon the nature of the offense they were convicted of committing; therefore, the statute need only be rationally related to some legitimate governmental interest in order to survive appellant's equal protection challenge because it does not implicate any suspect classification or fundamental right.

The second step in our equal protection analysis is to determine whether R.C. 2953.36 is rationally related to some legitimate governmental interest. The grave danger posed by sexual offenders is unfortunately well documented in the case law of this jurisdiction. All too often, this court has been called upon to review the convictions of habitual sex offenders who have committed crimes that shock the conscience against unusually vulnerable victims. See, *e.g., State v. Vaughn* (1995), 106 Ohio App.3d 775, 667 N.E.2d 82; *State v. Hackney* (Aug. 30, 1993), Clermont App. No. CA92–12–118, unreported, 1993 WL 329977. The threat posed by this class of criminals is especially great where, as in this case, the offender is attempting to secure a position of public trust such as a teacher or health care professional.

The General Assembly could certainly have concluded that it is necessary to protect society from sexual offenders such as appellant by making the criminal records of those convicted of sex crimes available to the public. R.C. 2953.36 furthers this legitimate governmental interest by rendering sexual offenders ineligible for expungement. See *State v. Asad* (Nov. 1, 1996), Lucas App. No. L–96–071, unreported, 1996 WL 631471. Any limitation R.C. 2953.36 may impose upon the range of career choices available to appellant is incidental under these circumstances and does not limit the General Assembly's ability to exercise its legislative power in this manner. Accordingly, we find that R.C. 2953.36 does not violate the Equal Protection Clause of the Ohio or United States Constitutions

either on its face or as it is applied to appellant. Appellant's third assignment of error is overruled.

In his fourth assignment of error, appellant contends that the application of R.C. 2953.36 to his petition for expungement violates the prohibition on retroactive legislation contained in Section 28, Article II of the Ohio Constitution, which provides, in part, as follows:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state."

In *State v. Bottom* (Feb. 29, 1996), Licking App. No. 95–CA–101, unreported, 1996 WL 132284, the Ohio Fifth District Court of Appeals considered whether R.C. 2953.36 violates Section 28, Article II of the Ohio Constitution on facts similar to those presented by this case. The defendant in *Bottom* was convicted of gross sexual imposition in violation of R.C. 2907.05 on February 11, 1988. *Id.* The defendant subsequently served his sentence and then filed a petition for expungement on August 7, 1995, nearly eight months after R.C. 2953.36 had taken effect on December 9, 1994. *Id.* The trial court found that the defendant was ineligible for expungement under R.C. 2953.32 by virtue of R.C. 2953.36. *Id.* The defendant then appealed, arguing that the trial court had retroactively applied R.C. 2953.36 to his petition in violation of Section 28, Article II. *Id.* at 2.

The court of appeals held that the trial court had not violated Section 28, Article II by applying R.C. 2953.36 to the defendant's petition. *Id.* The court of appeals reasoned that the defendant had filed his petition for expungement well after the effective date of R.C. 2953.36 and that the application of the statute to the defendant's petition was consequently prospective in nature rather than retroactive.[1] *Id.* See, also, *State v. Poole* (Feb. 21, 1996), Ashland App. No. 1116, unreported, 1995 WL 809875.

---

1. The parties to this case have each cited our prior decision in *State v. Heaton* (1995), 108 Ohio App.3d 38, 669 N.E.2d 885. In *Heaton*, the defendant filed his petition for expungement on November 16, 1994, twenty-three days before R.C. 2953.36 took effect on December 9, 1994. *Id.* The trial court subsequently issued a written decision on March 17, 1995 in which it held that the defendant was ineligible for expungement by virtue of R.C. 2953.36. *Id.*

On appeal, we held that R.C. 2953.36 had been applied retroactively, but that no violation of Section 28, Article II had occurred. *Id.* at 40–41, 669 N.E.2d at 886–887. Our decision reasoned that the constitutional prohibition on retroactive legislation did not apply because there is no vested right to expungement under Ohio law and R.C. 2953.32, the expungement statute, is remedial rather than substantive in nature. *Id.*

14

██ Our review of the record indicates that appellant filed his petition for expungement on December 21, 1995, more than one year after R.C. 2953.36 took effect on December 9, 1994. As in *Bottom,* the application of R.C. 2953.36 to appellant's petition was entirely prospective in nature under these circumstances because the petition was filed after the effective date of the statute. Therefore, appellant's contention that the trial court retroactively applied R.C. 2953.36 in violation of Section 28, Article II of the Ohio Constitution is without merit. Appellant's fourth assignment of error is overruled. The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and KOEHLER, J., concur.

Nothing in our decision today should be read as overruling or in any way undercutting our decision in *Heaton.* The peculiar facts of the *Heaton* case simply required us to determine the nature of Ohio expungement law in order to resolve the retroactivity issue, a task which we need not undertake in order to decide the question presented by this appeal.