[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On July 13, 1994, defendant-appellant Scott W. Hartmann pleaded guilty to gross sexual imposition. The amendment to R.C. 2953.36, which states that the provisions of the Revised Code permitting the expungement of a record of conviction do not apply to convictions for gross sexual imposition, became effective on December 9, 1994. On October 21, 1999, Hartmann filed an application to expunge his record of conviction. The trial court denied Hartmann's application.
Hartmann's sole assignment of error, alleging that the trial court erred in denying his application for expungement, is overruled.
Expungement is a privilege, not a right. See State v. Heaton (1995),108 Ohio App.3d 38, 669 N.E.2d 885; State v. Thomas (1979),64 Ohio App.2d 141, 411 N.E.2d 845. Because expungement statutes are remedial in nature, their retroactive application does not constitute expost facto punishment. See State v. Heaton, supra; State v. Penn (1977),52 Ohio App.2d 315, 369 N.E.2d 1229; State v. Hendrix (Apr. 15, 1987), Hamilton App. No. C-860417, unreported. The date for determining whether Hartmann's conviction is expungeable is the date of the filing of his application for expungement, October 21, 1999. See State v. Balmer (Dec. 8, 1995), Hamilton App. No. C-950275, unreported. On October 21, 1999, gross sexual imposition was not an expungeable offense.
A review of the record reveals that no promise was made by the prosecutor or the trial court that Hartmann would be able to expunge his conviction as part of a plea bargain.
 The record indicates that neither the prosecutor nor any other representative of the state ever promised appellant that he would be able to expunge his convictions at some later date if he accepted the plea bargain in this case. The mere fact that appellant chose to accept the state's plea bargain based upon some unilateral hope that he might be able to expunge his convictions in the future does not render expungement a fundamental right protected by due process or in any way restrict the General Assembly's authority to limit the offenders eligible for expungement under R.C. 2953.32. Accordingly, we find that R.C. 2953.36 does not violate appellant's right to due process of law under the Ohio and United States Constitutions.
State v. Davenport (1996), 116 Ohio App.3d 6, 11, 686 N.E.2d 531, 534.
In State v. Hartup (1998), 126 Ohio App.3d 768, 771, 711 N.E.2d 315,317, the Eight District Court of Appeals stated,
 Whatever the action of the General Assembly in amending R.C. 2953.36, the fact remains that at the time defendant entered his guilty plea, he did have the possibility of requesting the record of that conviction sealed. So regardless what amendments may have been enacted at a later date, defendant was not misinformed of the law at the time he entered his plea and cannot now argue that his plea was unknowing.
The effective date of the amendment to R.C. 2953.36 predated Hartmann's application for expungement. On October 21, 1999, gross sexual imposition was not an expungeable offense. The trial court was correct in denying Hartmann's application for expungement.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 __________________ Doan, P.J.,
Gorman and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.