OPINION
On November 2, 1992, Defendant-Appellant Chris Wilfong was indicted for rape, sexual battery and kidnaping. He entered a no contest plea on April 28, 1993 to the sexual battery charge, while the other charges were dropped by agreement. Thereafter, he was sentenced to five to ten years of incarceration, which was suspended while he served three years probation. Upon Wilfong's motion, the trial court terminated his probation on October 24, 1995. Three years later, Wilfong filed a motion to expunge this conviction from his record. After no objection from the state, the trial court granted the expungement on March 23, 1999.
Almost a year and a half later, the state filed a motion to vacate the expungement order claiming the trial court had had no jurisdiction due to an amendment to the expungement statute in December of 1994. Wilfong filed a strong opposition to this motion. Nonetheless, the trial court vacated the expungement on August 30, 2000. Wilfong timely appeals this decision raising one assignment of error which encompasses several issues for review:
The trial court erred by granting the state's motion to vacate the order expunging Mr. Wilfong's conviction.
 I
Wilfong's first issue for review asserts: "A statute that does not specifically state that it should be applied retroactively cannot be applied to events that precede the effective date of the statute." We have no dispute with Wilfong's characterization of the law, however, we disagree that it applies to the present case. Wilfong contends that the December 1994 amendment to R.C. 2953.36, which excluded sexual battery as an expungeable offense, should not apply to him because it would constitute an impermissible retroactive application of the law. However, the appellate courts that have addressed the retroactivity of this statute have found differently. See, e.g., State v. Hartup (1998),126 Ohio App.3d 768; State v. Davenport (1996), 116 Ohio App.3d 6; State v. Poole (Feb. 21, 1996), Ashland App. No. 1116, unreported. Incidentally, this court has discussed and found "no quarrel" with the results of these cases. In re Carroll (1997), 124 Ohio App.3d 51, 58.
These courts agree that if a motion to expunge the record was filed after the effective date of the amendment, in December of 1994, then it would be a prospective application of the statute, not a retroactive application. See, e.g., Davenport, supra, at 14. This is true because an application for expungement is a completely separate remedy that is sought after the criminal proceedings have concluded. Carroll, supra, at 58. Consequently, the date the statute is "applied" is the date of the motion for expungement, not the date of the conviction as alleged by Wilfong. Wilfong filed his motion for expungement on November 2, 1998, almost four years after the new law was in effect, and thus, the law was not applied retroactively.
Alternatively, another line of cases maintains that the expungement statute can be applied retroactively because it is a remedial law, not a substantive law. Hartup, supra, at 773; State v. Heaton (1995),108 Ohio App.3d 38, 40. Section 28, Article II of the Ohio Constitution provides the General Assembly may not pass retroactive laws. However, this restriction only applies to substantive, not remedial laws. Heaton, supra, citing Kneisley v. Lattimer-Stevens Co. (1988), 40 Ohio St.3d 354,356. It is well settled in Ohio that the expungement laws found in R.C.2953.31 et seq. are remedial in nature. Id., citing State v. Bissantz (1987), 30 Ohio St.3d 120, 121. So, even if we found the statute had been applied retroactively, it would not have been error.
Accordingly, Wilfong's first issue for review is without merit.
 II
In his second issue for review, Wilfong argues: "Even where there is no statutory authority to grant an expungement, a court may order a record sealed by exercise of its inherent powers." While it is true that a trial court has inherent power to order an expungement absent statutory authority, it is a limited power. State v. Brasch (1997),118 Ohio App.3d 659, 663, citing Pepper Pike v. Doe (1981),66 Ohio St.2d 374, 377. A trial court may only order an expungement absent statutory authority in "the rare case where the accused can demonstrate unusual and exceptional circumstances." Id., citing State v. Stadler (1983), 14 Ohio App.3d 10, 11. More importantly, this power is limited to situations in which the defendant has been acquitted of the offense or the charges have been dismissed. Id.; In re Application to Seal Record of No Bill (1999), 131 Ohio App.3d 399, 403-04; Stadler, supra, at 11; State v. Stamps (June 26, 1996), Hamilton App. No. C-950276, unreported.
In this case, Wilfong was convicted of sexual battery following his no contest plea. Because he was convicted, he was not eligible for judicial expungement. Accordingly, Wilfong's second issue for review is without merit.
 III, IV
Wilfong's third and fourth issues for review address the validity of the state's motion to vacate, and therefore will be addressed together. In his third issue for review, Wilfong contends: "A motion to vacate cannot be used as a substitute for a timely appeal simply because a party disagrees with the manner in which a court decision was rendered." Next, he argues: "A motion to vacate a court order must be denied when it is untimely and improperly filed, particularly when individuals have relied on the order for nearly two years."
We will start by reiterating the chronology of this case. In December of 1994, while Wilfong was still under probation, the General Assembly amended the expungement statute to exclude sexual battery as an expungeable offense. Wilfong filed a motion to expunge his record in November of 1998, which was not opposed by the state. The trial court granted the expungement on March 23, 1999, and the state did not appeal this order. Almost a year and a half later, on July 26, 2000, the state filed a motion to vacate the expungement order claiming that the trial court had no jurisdiction to grant it, and thus it was void ab initio. Despite vehement opposition from Wilfong, the trial court vacated the expungement.
The state argued in its motion to vacate that the trial court had had no jurisdiction to order the expungement. If a trial court lacks subject matter jurisdiction to render a judgment, the order is void ab initio and may be vacated by the court's inherent power, even without the filing of a Civ.R. 60(B) motion. In re Guardianship of Kinney (June 14, 2000), Belmont App. No. 99 BA 19, unreported, at p. 2, citing Patton v. Diemer (1988), 35 Ohio St.3d 68, 70. In Patton, the Ohio Supreme Court found that the trial court's judgment was void ab initio for lack of jurisdiction when the judgment was precluded by statute. However, the statute involved in that case specifically stated, "the court shall have no jurisdiction to render a judgment based upon such a warrant." (Emphasis added.) Patton, supra, at 69, citing R.C. 2323.13(E). Conversely, the present statute simply lists offenses or their code sections which are not eligible for expungement, without any mention of jurisdiction.
A few courts have applied this proposition to the expungement statute. See, State v. Brasch (1997), 118 Ohio App.3d 659, 663; State v. Meador (May 27, 1999), Cuyahoga App. No. 75389, unreported, at p. 3. In both of these cases, the individuals involved were found not to be first-time offenders, which is a requirement under the expungement statute. Despite no jurisdictional language in the statute, the courts found that the trial court had had no jurisdiction to expunge the convictions because the statute precluded the individual from consideration. Brasch; Meador, supra. Because the trial courts lacked jurisdiction, the state was not required to comply with Civ.R. 60(B). Instead, the order could be vacated by the court's inherent power. Brasch, supra, citing In re Miller (1986), 33 Ohio App.3d 224, 227. We disagree with the analysis employed by these courts.
We believe that there is some confusion between different types of jurisdiction. Indiana, Michigan, Virginia, and now some Ohio appellate courts recognize that there is a distinction between subject matter jurisdiction and jurisdiction of the particular case, otherwise referred to as the "exercise" of jurisdiction. The exercise of jurisdiction refers to the authority provided to a court to decide cases within its subject matter jurisdiction. "Subject matter jurisdiction defines the power of the court over classes of cases it may or may not hear." State ex rel. Wright v. Griffin (July 1, 1999), Cuyahoga App. No. 76299, unreported. More specifically, subject matter jurisdiction focuses on the court as the proper form to hear the cases, such as municipal court, common pleas, or juvenile court. State v. Swiger (1998), 125 Ohio App.3d 456,462. A judgment may only be declared void for lack of jurisdiction if the case does not fall within a class of cases over which the trial court has subject matter jurisdiction. Adams Robinson, supra, citing Hitt v. Tressler (1983), 4 Ohio St.3d 174; Griffin, supra.
Conversely, the issue in this case involves the exercise of jurisdiction, which "encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." Swiger, supra; see, also, Griffin, supra. Compliance with statutory requirements is a component of a court's exercise of jurisdiction. Griffin, supra. If a trial court improperly exercised its jurisdiction, any defects in judgment would be rendered voidable, not void. Id.; Swiger, supra. In this regard, a voidable judgment must be attacked by a properly filed appeal. To further demonstrate the distinction between subject matter jurisdiction and exercise of jurisdiction, we refer to a Michigan Court of Appeals opinion which explains:
 When there is want of jurisdiction over the parties, or the subject matter, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly. They are of no more value than as though they did not exist. But, in cases where the court has undoubted jurisdiction of the subject matter, and of the parties, the action of the trial court, though involving an erroneous exercise of jurisdiction, which might be taken advantage of by direct appeal, or by direct attack, * * * is not void though it might be set aside for the irregular or erroneous exercise of jurisdiction if appealed from.
 Where jurisdiction has once attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void, . . . and cannot be collaterally attacked. Error in the determination of questions of law or fact upon which the court's jurisdiction of the particular case depends, the court having general jurisdiction of the cause and the person, is error in the exercise of jurisdiction. Jurisdiction to make a determination is not dependent on the correctness of the determination made.
(Emphasis added in Waite.) In the Matter of Waite (1991),188 Mich. App. 189, 200, citing Jackson City Bank Trust Co. v. Fredrick (1935), 271 Mich. 538.
As pointed out by the Swiger court, even the Supreme Court of Ohio has implicitly recognized this third type of jurisdictional defect in State v. Pless (1996), 74 Ohio St.3d 333. Pless involved waiver of a jury trial. The court held in paragraph one of the syllabus that without a valid waiver of a defendant's right to trial by jury, the trial court "lacks jurisdiction" to try the case. However, in paragraph two of the syllabus, the court qualified that this "jurisdictional defect" may only be attacked on direct appeal. Id. As we have stated previously, by nature, subject matter jurisdictional defects may be attacked at any time, as they render the judgment void ab initio. By limiting an attack on this jurisdictional defect to direct appeal, the Supreme Court of Ohio implicitly recognized a third type of jurisdictional defect, an error in the exercise of jurisdiction.
There is no dispute that the trial court in this case had subject matter jurisdiction over criminal cases, including motions for expungement. See, R.C. 2931.03. It follows that subject matter jurisdiction is sound and the judgment is not void ab initio. Instead, the state's only alternative was to attack the trial court's exercise of jurisdiction through a timely direct appeal. Lewis v. Blair (1996),110 Ohio App.3d 342. Although a timely filed Civ.R. 60(B) motion may have been utilized by the state for any grounds listed in the rule, it is not an appropriate method to attack the correctness of the trial court's decision. Laidley v. St. Luke's Med. Ctr. (June 3, 1999), Cuyahoga, App. No. 73553, unreported, at p. 8, citing Chester Twp. v. Fraternal Order of Police (1995), 102 Ohio App.3d 404, 408. In other words, a Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal. Laidley, supra, citing Doe v. Trumbull Cty. Children Services Bd. (1986),28 Ohio St.3d 128, 131.
It is undisputed that the state failed to timely appeal the trial court's original order of expungement. Consequently, we find that the state failed to challenge the trial court's order by the only appropriate means, and therefore, Wilfong's third and fourth issues for review are well taken.
The trial court's judgment vacating the expungement order is reversed, and the expungement order is reinstated.
 _______________ BROGAN, J.
WOLFF, P.J., and YOUNG, J., concur.