OPINION
Defendant-appellant, Stephanie Geiger, appeals her conviction in the Warren County Court of Common Pleas for illegal processing of drug documents.[1]
On June 12, 2000, appellant was indicted on one count of illegal processing of drug documents. The indictment alleged that the stated offense was committed "on or about" March 20, 2000. On July 26, 2000, appellant filed a motion for treatment in lieu of conviction. After conducting a hearing on this motion, the trial court overruled appellant's motion for treatment in lieu of conviction.
The trial court's judgment entry overruling the motion for treatment in lieu of conviction states the following:
 Although the defendant's testimony indicated that she had been through a rehabilitation program in 1998, the medical records indicate that that program concluded in August, 1999. The instant offense is alleged in March, 2000.
 Further, the court is of the opinion that the most recent legislation applies to this case based on the time of the hearing, and as a result would have denied the motion without hearing.
Motion overruled.
 In her assignment of error, appellant asserts that the trial court erred by overruling her motion for treatment in lieu of conviction. Appellant insists that the trial court improperly applied an amended version of R.C. 2951.041 that was not effective on March 20, 2000, the date of the offense.
R.C. 2951.041(A)(1), as amended on March 23, 2000,[2] states in pertinent part:
 If an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction. * * * The court may reject an offender's request without a hearing. If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing. If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan. (Emphasis added.)
 Before the March 2000 amendment, R.C. 2951.041(A)(1) stated in pertinent part:
 If the court has reason to believe that an offender charged with a felony or misdemeanor is a drug dependent person or is in danger of becoming a drug dependent person, the court shall accept, prior to the entry of a plea, that offender's request for treatment in lieu of conviction. If the offender requests treatment in lieu of conviction, the court shall stay all criminal proceedings pending the outcome of the hearing to determine whether the offender is a person eligible for treatment in lieu of conviction. At the conclusion of the hearing, the court shall enter its findings and accept the offender's plea. (Emphasis added.)
 A comparison of the sections cited above demonstrates that the trial court has recently been given greater discretion when considering whether to accept an offender's request for treatment in lieu of conviction. Whereas the former version of R.C. 2951.041(A)(1) stated that a trial court "shall accept" such a request, the current statute states that a trial court "may accept" such a request. Appellant argues that the trial court's application of a statute that was not in effect at the time she committed the crime violates her constitutional protection against ex post facto laws.
We disagree with appellant's contention that the trial court's application of the amended statute was retroactive. R.C. 2951.041, as amended in March 2000, was in effect when appellant moved for treatment in lieu of conviction. Because appellant's motion was filed after the effective date of the statute, application of R.C. 2951.041, as amended in March 2000, was entirely prospective in nature. See State v.Davenport (1996), 116 Ohio App.3d 6, 14.
Moreover, application of the amended statute to appellant's case did not have the effect of an ex post facto violation. State legislatures are prohibited from passing any ex post facto laws by Section 10, ArticleI of the United States Constitution. "[T]he Clause is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." State v. Rush (1998), 83 Ohio St.3d 53, 59, quotingCalifornia Dept. of Corrections v. Morales (1995), 514 U.S. 499, 504,115 S.Ct. 1597, 1601, quoting Collins v. Youngblood (1990), 497 U.S. 37,41-43, 110 S.Ct. 2715, 2718-19. Legislation violates the ex post facto
clause "if it makes a previously innocent act criminal, increases the punishment for a crime after its commission, or deprives the accused of a defense available at the time the crime was committed." (Emphasis sic.)Rush at 59, citing Collins at 42, 110 S.Ct. at 2719.
R.C. 2951.041, as amended in March 2000, does not make a previously innocent act criminal nor does it deprive an accused of a defense available at the time the crime was committed. Moreover, this statute does not increase the punishment for a crime after its commission. R.C.2951.041 is a tool by which a defendant may diminish her punishment for a drug offense, as she may participate in a drug rehabilitation program instead of receiving a criminal conviction. We find that the trial court applied the correct version of the statute.
The trial court is afforded broad discretion in determining whether drug treatment in lieu of conviction is appropriate for a criminal offender. See State v. Gadd (1990), 66 Ohio App.3d 278, 284-85. R.C.2951.041(B)(6) provides that in order for an offender to be eligible for treatment in lieu of conviction, a court must find that "intervention would substantially reduce the likelihood of any future criminal activity." In its judgment entry, the trial court noted that appellant had committed the present offense just seven months after completing a rehabilitation program. The fact that appellant offended less than one year after completing a drug rehabilitation program suggests that treatment may not substantially reduce appellant's likelihood of recidivism. Citing this fact, the court, in its discretion, denied appellant's motion.
We find that the trial court's decision to overrule the motion for treatment in lieu of conviction was not an abuse of discretion. Therefore, appellant's assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] Pursuant to Loc.R. 6(A), this court sua sponte removes this case from the accelerated calendar.
[2] In the March 2000 amendment to R.C. 2951.041, the state legislature renamed the statute "Intervention in Lieu of Conviction." The former title of R.C. 2951.041 was "Drug Treatment in Lieu of Conviction." In the interest of simplicity, we will use the phrase "treatment in lieu of conviction" to apply to both the current and former versions of R.C.2951.041, despite the fact that the new phraseology is "intervention in lieu of conviction."