DECISION AND JUDGMENT ENTRY
Defendant-Appellant Ann M. Campbell[1] appeals from the judgment of the Scioto County Court of Common Pleas that denied her motion to expunge or seal the record of her conviction for child endangerment, a violation of R.C. 2919.22(A). The trial court determined that R.C. 2953.36
precludes the relief sought by appellant, since the victim of her crime was under eighteen years of age.
Appellant argues that this determination by the trial court was erroneous because R.C. 2953.36 does not expressly direct that it is applicable to convictions entered prior to the statute's effective date. Appellant further argues that such an application of R.C. 2953.36 runs afoul of other statutory rules of construction.
For the following reasons, we affirm the judgment of the trial court.
I. Appellant's Conviction and Sentence
In March 1992, Defendant-Appellant Ann M. Campbell was charged with child endangerment, a fourth-degree felony in violation of R.C. 2919.22(A).
The charges stemmed from appellant's actions directed toward and inflicted upon her then three-year-old daughter. Apparently, without proper direction or authorization, appellant administered certain drugs to her daughter, including tranquilizers and a sleeping pill.
Also, appellant repeatedly struck her child about her legs, buttocks, and face with a belt and buckle. Evidently, these actions were taken by appellant when her daughter would not go to sleep.
In April 1992, appellant entered a plea of no contest to the charges and specification. The trial court found appellant guilty, and in June 1992, sentenced her to an indefinite term of three to five years incarceration. However, in July 1992, the trial court suspended appellant's sentence and placed her on five years probation, ordering her to obtain two years of drug treatment and counseling. In April 1995, appellant, who apparently followed and fulfilled the requirements of her probation and completed drug treatment and counseling, was released from her probation obligations.
In February 2001, appellant filed a motion to expunge or seal the record of her conviction pursuant to R.C. 2953.32. In her memorandum in support of her motion to seal her record, appellant stated that she was a registered nurse whose license was suspended when she was convicted for child endangerment. However, appellant's license had been reinstated in 1996 following her rehabilitation and drug treatment. Since that time, appellant had been employed as a registered nurse for a nursing home, which had closed in October 2000.
Due to her recent unemployment, appellant expressed concerns about obtaining new employment as a nurse, given her conviction. For that reason she sought to have her conviction sealed.
In March 2001, the trial court denied appellant's motion. The trial court held that it had no jurisdiction to consider the merits of the motion because R.C. 2953.36(D) prohibits a trial court from sealing the criminal records of individuals convicted of an offense where the victim was under eighteen years of age. R.C. 2953.36 had been amended in March 2000 to include section (D) and add the limitation regarding the age of the victim.
II. The Appeal
Appellant timely filed a notice of appeal and presents the following assignment of error for our review.
 THE TRIAL COURT ERRED IN APPLYING THE 2953.36(D) [sic] RETROACTIVELY WITHOUT SPECIFIC STATUTORY AUTHORITY FOR DOING SO.
In her appeal, appellant has mounted no constitutional challenge to the trial court's denial of her motion. Accordingly, we will limit our review to the issues presented.
Expungement or the sealing of a person's record of conviction is governed by R.C. 2953.31 to 2953.36 and is accomplished by doing away with the general public's access to conviction information. See R.C.2953.35. Expungement is a form of statutory post-conviction relief, which allows a limited number of convicted persons the privilege of having the record of their first conviction sealed. See R.C. 2953.32.
However, not all first-time offenders are permitted to have their conviction record sealed. Among other limitations, R.C. 2953.36 provides in pertinent part that, "[R.C. 2953.31 to 2953.35] do not apply to * * * [c]onvictions of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony." R.C. 2953.36(D).
Thus, since appellant's daughter, and victim, was under eighteen years of age, appellant is not eligible for expungement. However, appellant argues that the trial court erred when it held that R.C. 2953.36(D), a statute enacted in 1999 with an effective date of March 23, 2000, precluded it from hearing her motion to seal her record.
Appellant bases her argument on the fact that she was convicted, and eligible to make the expungement motion, prior to the statute's effective date. But, appellant filed her motion to have her conviction record sealed on February 7, 2001, almost one year following the effective date of amended R.C. 2953.36.
Specifically, appellant argues that the application of R.C. 2953.36 to her motion was erroneous because of certain statutory rules of construction: R.C. 1.48 and 1.58. Appellant first argues that R.C. 1.48
mandates that statutes are presumed to apply prospectively, unless expressly stated. Thus, the application of R.C. 2953.36 to the current situation violates this statutory rule of construction, since the statute does not expressly state that it applies retrospectively.
Second, appellant argues that R.C. 1.58 prohibits the application of a statute that would defeat an existing right of action.
Accordingly, appellant concludes that since she was eligible to have her records sealed in 1998, the application of the amended R.C. 2953.36
to preclude the sealing of appellant's record is prohibited by R.C. 1.58. We will address appellant's arguments in turn.
A. Retrospective Application
R.C. 1.48 provides that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective."
R.C. 1.48. "[W]here `there is no clear indication of retroactive application, then the statute may only apply to cases which arise subsequent to its enactment.'" (Emphasis sic.) Van Fossen v. Babcock 
Wilcox Co. (1988), 36 Ohio St.3d 100, 106, 522 N.E.2d 489, 495, quoting Kiser v. Coleman (1986), 28 Ohio St.3d 259, 262, 503 N.E.2d 753, 756.
The amended version of R.C. 2953.36 lacks language expressing an intention that the statute be applied retrospectively. See R.C. 2953.36. However, the trial court did not apply the statute retrospectively, because at the time appellant moved to have her conviction expunged, amended R.C. 2953.36 was controlling law; the statute's effective date had long passed.
When a motion to expunge the record is filed after the effective date of the amendment, then it would be a prospective application of the statute, not a retroactive application. See State v. Davenport (1996),116 Ohio App.3d 6, 686 N.E.2d 531. This is true because an application for expungement is a completely separate remedy that is sought after the criminal proceedings have concluded. See In re Carroll (1997),124 Ohio App.3d 51, 58, 705 N.E.2d 402, 407, citing State v. Bissantz (1987), 30 Ohio St.3d 120, 507 N.E.2d 1117.
Consequently, the date the statute is "applied" is the date of the motion for expungement, not the date of the conviction nor the date when the defendant first becomes eligible to make the motion. See State v. Wilfong (Mar. 16, 2001), Clark App. No. 2000-CA-75, unreported; State v. LaSalle (July 5, 2001), Summit App. No. CA20488, unreported.
Thus, R.C. 1.48 does not preclude the application of R.C. 2953.36, as amended in March 2000, to the present motion for expungement, since this motion was filed after the amendment became effective.
B. Right of Action
In a fashion similar to R.C. 1.48, R.C. 1.58 provides in pertinent part that, "The reenactment, amendment, or repeal of a statute does not * * * [a]ffect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder." R.C.1.58(A)(2).
Appellant argues that since she became eligible for expungement before the enactment of the amended statute, R.C. 1.58 precludes the application of R.C. 2953.36(D) to prevent her from seeking expungement. However, until her motion to seal the record of her conviction was filed, she had not acquired or accrued any privilege or right to have her record expunged.
Furthermore, appellant never made this argument concerning R.C. 1.58 to the trial court. Arguments that are not presented to the trial court have not been preserved for purposes of appeal and will not be considered by a reviewing court. See State v. Coleman (1988), 37 Ohio St.3d 286, 294,525 N.E.2d 792, 800; Van Camp v. Riley (1984), 16 Ohio App.3d 457, 463,476 N.E.2d 1078, 1084; Bill's Corner Café, Inc. v. Ohio Liquor Control Comm. (Mar. 28, 1997), Clark App. No. 96-CA-93, unreported.
For the foregoing reasons, appellant's assignment of error is OVERRULED and the judgment of the trial court is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.
[1] We note that appellant apparently is now known as Ann M. McCoy.