[Cite as *State v. Lindsay*, 2021-Ohio-2469.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- v -

JULIA E. LINDSAY,

      Defendant-Appellant.

CASE NO. 2021-L-025

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 1996 CR 000279

## O P I N I O N

Decided: July 19, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Kenneth Rubenstein*, 2112 Acacia Park Drive, Suite 505, Lyndhurst, OH 44124 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Julia E. Lindsay, appeals from the judgment of the Lake County Court of Common pleas, denying her "Motion for Expungement" of her criminal record (hereafter described as an application to seal). Because appellant was convicted of a statutorily defined offense of violence, she is not eligible for the relief sought. We therefore affirm.

{¶2}    Appellant pleaded guilty in July 1996 to one count of attempted robbery, a felony of the third degree, in violation of R.C. 2911.02 and R.C. 2923.02. The trial court

sentenced her to an indefinite prison term of two to 10 years, but suspended the prison term and placed appellant on probation for three years. She was released from probation in November 1998.

{¶3} In September 2002, appellant moved to seal her record. The state objected and the trial court subsequently denied the motion. The court determined appellant was not an eligible offender under statute, and thus her record could not be sealed. She appealed, but voluntarily dismissed the same.

{¶4} On December 13, 2020, appellant filed a second application to seal. The state again objected and, similar to the previous proceedings, the trial court denied the application. She appeals that judgment and assigns the following as error:

{¶5} "A defendant/applicant that pled to a lesser included offense is not disqualified for expungement under R.C. 2953.32."

{¶6} Appellant begins her argument by alleging the trial court applied an "incorrect standard of review." The trial court, in considering appellant's application, was not reviewing a prior order; as a result, the trial court did not have a standard of review. Instead, it was required to consider the motion according to the relevant statutory directives. It did so and we discern no problem with the trial court's manner of proceeding or its ultimate analysis.

{¶7} Only an "eligible offender" may have his or her record of conviction sealed. R.C. 2953.32(A)(1). Hence, the court to which the application is made "shall" first "[d]etermine whether the applicant is an eligible offender * * *." R.C. 2953.32(C)(1)(a). R.C. 2953.36(A)(3), captioned "Convictions precluding sealing," states: that except as otherwise provided, record-sealing sections R.C. 2953.31 to 2953.35 do not apply to

2

"[c]onvictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony" (with certain exceptions that are not directly relevant here). R.C. 2901.01(A)(9)(a) provides that the crime of robbery, defined under R.C. 2911.02, is an offense of violence. Further, R.C. 2901.01(A)(9)(d) states that any attempted robbery (among other attempt crimes) is a crime of violence. Appellant was convicted of attempted robbery. In this respect, appellant's conviction, as an offense of violence, precluded the court from sealing her record.

{¶8} Appellant does not appear to dispute her statutory ineligibility. Rather, she sets forth the statutory procedure for the record-sealing process. She further notes that an applicant may apply for a sealing of records after the expiration of three years after final discharge if convicted of a felony. She then draws the abstruse conclusion that "[t]his case originates under old law, and the three years has expired with a final discharge issued." She apparently argues she is entitled to have her records sealed because (1) three years has passed since her conviction and (2) prior law, which she assumes without argument or authority, would have rendered her eligible.

{¶9} Appellant's first point is immaterial. Even though three years has obviously passed since her conviction, she has failed to demonstrate that she is an eligible offender. Moreover, regarding the second point, appellant has provided no basis to conclude that she is, or was, in any way eligible under the record-sealing statute. And, even if her conviction originated under the "old law" relating to record sealing, this point is of no moment. That is, current law prohibits sealing her records and that law applies retroactively. The Supreme Court of Ohio has observed: "[t]he law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is

3

controlling." *State v. LaSalle,* 96 Ohio St.3d 178, 2002-Ohio-4009*,* at paragraph two of the syllabus. Moreover, this court has observed:

> {¶10} The law of Ohio clearly states that changes in statutory law regarding expungement may be applied retroactively. Therefore, a defendant should never be able to assert that their due process rights were violated because they relied on the possibility of expungement, and then the expungement statute changed. If we were to hold otherwise, it would allow every defendant entering a plea agreement to 'rely' on the possibility of expungement. The resulting effect would be that changes in statutory law regarding expungement could not be applied *ex post facto.* That is not the law of Ohio. *State v. Rybak*, 11th Dist. Lake No. 2011-L-084, 2012-Ohio-1791, ¶29, citing *State v. Davenport,* 116 Ohio App.3d 6, 11 (12th Dist.1996); accord *State v. Waxler*, 11th Dist. Lake No. 2020-L-109, 2021-Ohio-1017, ¶25-26.

{¶11} Accordingly, even if appellant adduced some evidence that her conviction would have been eligible for sealing when it was finalized in 1996, her argument fundamentally lacks merit. The trial court did not possess the authority to seal appellant's record because she is not an eligible offender.

{¶12} Appellant's assignment of error lacks merit.

{¶13} For the reasons discussed above, the judgment of the Lake County Court of Common Pleas is affirmed.

MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

4

Case No. 2021-L-025