**[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 261.]**

HUNTINGTON NATIONAL BANK ET AL., APPELLANTS, *v.* LIMBACH, TAX
COMMR., APPELLEE.

[Cite as *Huntington Natl. Bank v. Limbach*, 1994-Ohio-79.]

*Taxation—Franchise tax—Legitimate state interest exists to tax resident banks at
a higher rate than foreign banks.*

(No. 93-1501—Submitted November 1, 1994—Decided December 20, 1994.)

APPEAL from the Board of Tax Appeals, Nos. 90-G-863, 90-F-864, 90-J-865, 90-
D-866, 90-H-867, 90-C-868, 90-G-869 and 90-C-870.

_____

{¶ 1} The Huntington National Bank, appellant, contests, as a denial of
equal protection, paying franchise tax at 15 mills on its net worth while banks that
have no place of business in Ohio ("foreign banks"), pay as regular corporations at
5.82 mills.

{¶ 2} Huntington operates branch banking offices in Ohio. It maintains
physical locations in Ohio and accepts deposits in these facilities. According to the
testimony, the majority of bank customers will bank in a local bank branch. In
franchise tax years 1984 through 1989, Huntington paid the tax at 15 mills on its
net worth. It paid a surtax of 1.54 mills in 1984 and 1985.

{¶ 3} Foreign banks perform some of the same services that Huntington
performs. However, foreign banks have no physical locations in Ohio and can
accept deposits only by mail or transfer. They are not "financial institutions" as
defined by R.C. 5733.04(k) and 5725.01 and are not subject to the higher franchise
tax imposed on "financial institutions" by R.C. 5733.06(D). Instead, R.C. 5733.06
treats foreign banks as regular corporations and imposes on them the regular
corporate franchise rate of 5.82 mills.

**{¶ 4}** For the disputed tax years, Huntington applied for refunds, seeking all that it paid in franchise tax, $34,321,383, or alternatively, the difference in the two rates, $20,302,504. The Tax Commissioner denied the applications, and the BTA, on appeal, affirmed her order. The BTA also ruled that it lacked jurisdiction to consider the equal protection argument.

**{¶ 5}** The cause is now before this court upon an appeal as of right.

———————————

*Porter, Wright, Morris & Arthur*, *Ronald W. Gabriel* and *Joseph R. Ervine*, appellant.

*Lee Fisher*, Attorney General, and *Richard C. Farrin*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

**{¶ 6}** Huntington argues that it and foreign banks are in the same class and that taxing it at a higher rate than foreign banks denies it equal protection. The commissioner contends that Huntington's ability to accept deposits in Ohio forms a rational basis to distinguish between it and foreign banks.

**{¶ 7}** According to *Nordlinger v. Hahn* (1992), 505 U.S. 112 S.Ct. 2326, 2331-2332, 120 L.Ed. 2d 1, 12:

"The Equal Protection Clause of the Fourteenth Amendment, Section 1, commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws.' Of course, most laws differentiate in some fashion between classes of persons. The Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 [40 S.Ct. 560, 561, 64 L.Ed. 989, 990-991] (1920).

"As a general rule 'legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some

inequality.' *McGowan v. Maryland*, 366 U.S. 420, 425-426 [81 S. Ct. 1101, 1105, 6 L.Ed.2d 393, 398-399] (1961). Accordingly, this Court's cases are clear that, unless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest. See, *e.g.*, *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439-441 [105 S.Ct. 3249, 3254-3255, 87 L.Ed. 2d 313, 320-321] (1985); *New Orleans v. Dukes*, 427 U.S. 297, 303 [96 S.Ct. 2513, 2517, 49 L.Ed.2d 511, 517] (1976)."

{¶ 8} In *Bank One Dayton, N.A. v. Limbach* (1990), 50 Ohio St.3d 163, 553 N.E.2d 624, we ruled that the franchise tax did not violate a bank's equal protection guaranty. We concluded that the unique nature of the banking industry, for instance holding much more intangible property than other corporations, justified taxing banks at a higher rate to achieve tax parity with other corporations.

{¶ 9} Nevertheless, as the commissioner argues, having a physical location in Ohio for receiving deposits in Ohio is a rational basis on which to distinguish Huntington from foreign banks. With this locational advantage, Huntington will receive more Ohio business than a foreign bank because, according to the testimony, more people will bank with the local bank. Of course, with this physical presence in Ohio comes Ohio's responsibility to protect the bank from theft and fire and to provide roads so that Huntington's customers may reach the bank to deposit their funds. Thus, a legitimate state interest exists to tax resident banks at a higher rate than foreign ones.

{¶ 10} Accordingly, we affirm the decision of the BTA.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, CLOSE, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MICHAEL L. CLOSE, J., of the Tenth Appellate District, sitting for WRIGHT, J.

————————————