[Cite as *State v. Biggs*, 2020-Ohio-6691.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2020CA00042 |
| | : | |
| JAY L. BIGGS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Stark County Court of
                               Common Pleas, Case No. 2008CR0653


JUDGMENT:                      AFFIRMED


DATE OF JUDGMENT ENTRY:        December 14, 2020


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

JOHN D. FERRERO, JR.                       JAY LEWIS BIGGS, PRO SE
STARK CO. PROSECUTOR                       Inmate No. 560-289
RONALD MARK CALDWELL                       Lorain Correctional Inst.
110 Central Plaza South, Ste. 510          2075 S. Avon Belden Road
Canton, OH 44702-1413                      Grafton, OH 44044

*Delaney, J.*

{¶1}   Appellant Jay L. Biggs appeals from the February 6, 2020 Judgment Entry Denying Defendant's Motion for Recut Microscopic Slides of the Stark County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   A statement of the facts is not necessary to our resolution of this appeal arising from appellant's 2008 convictions for the rape and murder of his 4–month old daughter.

{¶3}   On May 28, 2008, the Stark County Grand Jury indicted appellant on two counts of aggravated murder with death penalty specifications in violation of R.C. 2903.01, two counts of murder in violation of R.C. 2903.02, one count of rape in violation of R.C. 2907.02, and one count of endangering children in violation of R.C. 2919.22. The case proceeded to trial by jury on October 1, 2008. The jury found appellant guilty as charged and recommended that appellant serve a term of life imprisonment without the possibility of parole. By judgment entry filed December 5, 2008, the trial court sentenced appellant to life in prison without parole.

*State Appellate and Postconviction History*

{¶4}   In *State v. Biggs,* 5th Dist. Stark No.2008CA00285, 2009–Ohio–6885, appeal not allowed, 125 Ohio St.3d 1438, 2010–Ohio–2212 [*Biggs I*], appellant directly appealed from his convictions and sentence, raising one assignment of error. Appellant argued the guilty findings of the trial court were against the manifest weight and sufficiency of the evidence. We disagreed and affirmed appellant's convictions and sentence. *Id.*

{¶5}   On November 7, 2012, the Ohio Innocence Project filed a motion to release biological samples in the case, seeking new copies of the tissue slides in order to evaluate appellant's case for any possible post-conviction proceedings. By judgment entry filed December 12, 2012, the trial court denied the motion.

{¶6}   Appellant appealed from the trial court's order and raised four assignments of error: the trial court created an unconstitutional "circular and self-defeating legal standard for obtaining tissue slides from an autopsy" such that no such application would ever be granted; the trial court erred in failing to release re—cuts of tissue slides to appellant's experts; the trial court erred when it analyzed defendant's request for tissue slides as being based solely on advancements in S.I.D.S.; and the trial court erred in treating the motion as a petition for post-conviction relief. We overruled the four assignments of error and the Ohio Supreme Court declined review. *State v. Biggs,* 5th Dist. Stark No. 2013CA00009, 2013–Ohio–3333, appeal not allowed, 137 Ohio St.3d 1441, 2013–Ohio–5678, 999 N.E.2d 696 [*Biggs II* ].

{¶7}   On October 28, 2015, appellant filed a "Motion for Remmer Hearing Due to Judge Farmer's Discovery from Jury Commissioner of Possible Jury Misconduct." Appellee filed a motion in opposition. The trial court overruled the motion on January 6, 2016.  On December 7, 2015, appellant filed "Defendant's Motion for Resentencing." Appellee responded with a motion in opposition and the trial court denied the motion by separate judgment entry dated January 6, 2016.

{¶8}   Appellant appealed from both judgment entries of the trial court dated January 6, 2016, the appeals were consolidated, and we affirmed the entries of the trial

court. *State v. Biggs*, 5th Dist. Stark No. 2016CA00024, 2016-Ohio-5305, appeal not allowed, 147 Ohio St.3d 1507, 2017-Ohio-261, 67 N.E.3d 824 [*Biggs IIII*].

*Federal Appellate and Postconviction History*

{¶9}   Appellant sought federal habeas corpus relief pursuant to 28 U.S.C. 2254 challenging the legality of his convictions and sentences.  The district court concluded, e.g., this Court did not unreasonably apply the sufficiency standard.  *Biggs v. Coleman* (N.D. Ohio Jan. 15, 2014), No. 5:11-CV-00292, 2014 WL 185893 (Pearson, J.).

{¶10} In 2015, appellant filed a §1983 action asserting violation of his civil rights by the Stark County Prosecutor.  The basis of appellant's claimed violation was failure to turn over the recut slides that were the subject of *Biggs II.*  Appellant argued his constitutional rights were denied due to the failure to turn over biological evidence for forensic testing.  The action was dismissed by the district court, a decision affirmed on appeal.  *Biggs v. Ferrero* (6th Cir. Nov. 29, 2017), No. 17-3469, 2017 WL 9287499, cert. denied, --U.S.--, 138 S.Ct. 2657, 201 L.Ed.2d 1056 (2018).

{¶11} Appellant filed a subsequent §1983 action arising from his allegations in *Biggs III*; this action was summarily dismissed by the district court and the decision was affirmed on appeal.  *Biggs v. Ferrero* (N.D. Ohio Oct. 17, 2018), No. 5:18-cv-1020, 2018 WL 5025250 (Adams, J.); *Biggs v. Ferrero* (6th Cir. Apr. 22, 2019), No. 18-4083, 2019 WL 1938523.

*Instant Litigation*

{¶12} On February 5, 2020, appellant filed another "Motion for an Order to Release Recut Microscopic Slides" in the trial court.  In this motion, appellant renewed the request of his 2012 motion, this time arguing that he was denied equal protection

because other Ohio counties provide access to similar biological evidence at minimal cost.

{¶13} The trial court denied appellant's motion by judgment entry dated February 20, 2020. It is from this judgment entry appellant now appeals.

{¶14} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶15} "THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION FOR AN ORDER TO RELEASE RECUT TISSUE SLIDES, IN VIOLATION OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS."

**ANALYSIS**

{¶16} Appellant argues the trial court erred in overruling his motion to release recut microscopic slides because other counties anecdotally permit easier access to such evidence. We disagree.

{¶17} We first note this is at least the third time appellant's request for recut tissue slides has been litigated. Moreover, appellant received, used, and disposed of the evidence he again requests. On page 10 of his brief, he states, "* * * the Defendant's trial counsel and court appointed expert were provided tissue slides from [the victim's] autopsy prior to trial pursuant to Crim.R. 16. The tissue slides were not retained by trial counsel or the court appointed expert after the trial."

{¶18} Post-conviction relief, including applications for D.N.A. testing and biological evidence, are not a vehicle to perpetuate a defendant's case ad infinitum, limited only by the defendant's creativity in framing the same request in a new way. We rejected this approach in *Biggs II,* noting post-conviction relief is a limited right, and a

post-conviction application for DNA testing does not offer an opportunity to endlessly re-litigate an issue already settled:

> By inference, appellant argues he was afforded the tissue slides in initial discovery and therefore what harm is there in permitting him to have them again. Presumably, if Dr. Spitz had not lost/destroyed the slides, appellant's new experts could render their reports without judicial intervention. Basically, the argument is "no harm, no foul."

> *State v. Biggs*, 5th Dist. Stark No. 2013CA00009, 2013-Ohio-3333, ¶ 21.

{¶19} Appellant now implies he retains a right to the evidence his own trial counsel and expert witnesses had, but did not retain, on the basis of an opinion of the Ohio Attorney General. 2017 Ohio Op. Atty. Gen. No. 16. This opinion addresses retention of evidence by law enforcement agencies, courts of common pleas, prosecutors, and clerks of appellate courts. From this Opinion, appellant infers he has a "substantive right" to the evidence he requests. We do not find support for appellant's assertion in the Opinion.

{¶20} Appellant's latest request is framed as an equal-protection argument; he anecdotally notes other Ohio counties provide evidence of the type he seeks (recut microscopic slides) for a nominal cost. He does not, however, reveal those counties' positions when the defendant seeking the evidence has already been provided with it. The equal-protection argument we glean from appellant's brief, although unclear, is that his right to equal protection of the law is violated because some counties provide biological evidence at a minimal cost, but appellant's request for such evidence in Stark

County have been denied. This argument is a logical fallacy because he compares two dissimilar situations.

{¶21} Equal protection under the law requires that no person or class of persons be denied the protection afforded by the law to other persons or classes in like circumstances. *Huntington Natl. Bank v. Limbach*, 71 Ohio St.3d 261, 262, 643 N.E.2d 523 (1994). The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides, "No State shall * * * deny to any person within its jurisdiction the equal protection of the laws." Ohio's Equal Protection Clause, Section 2, Article I of the Ohio Constitution, states, "All political power is inherent in the people. Government is instituted for their equal protection and benefit * * *." These constitutional guarantees do not forbid classifications. "[They] simply keep [ ] governmental decision makers from treating differently persons who are in all relevant respects alike." *Burnett v. Motorists Mut. Ins. Co.*, 118 Ohio St.3d 493, 2008-Ohio-2751, 890 N.E.2d 307, ¶ 30; *Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992). "Thus, the comparison of only similarly situated persons or groups is integral to an equal protection analysis." *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 145.

{¶22} The Equal Protection Clause "does not require things which are different in fact * * * to be treated in law as though they were the same." *GTE N., Inc. v. Zaino*, 96 Ohio St.3d 9, 2002-Ohio-2984, 770 N.E.2d 65, ¶ 22, citing *Tigner v. Texas*, 310 U.S. 141, 147, 60 S.Ct. 879, 84 L.Ed. 1124 (1940).

{¶23} Setting aside the many holes in appellant's equal-protection analysis, we find the argument fails most directly because there is no evidence or even assertion that appellant is similarly-situated to the defendants in other counties with purported easier

access to biological evidence. As noted supra, appellant's anecdotal evidence does not address situations, like his, in which the defense trial team was in possession of and utilized the evidence the defendant later repeatedly requests. See, *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 146 ["Here, Widmer's claim fails for the fundamental reason that he is not similarly situated to the offenders listed in R.C. 2953.71 et seq. so as to violate the guarantees of equal protection. There is a vast difference between offenders who seek to compare their own DNA against that of an unidentified prospective perpetrator, and those who wish to test a victim's DNA for, perhaps, an interminable array of ailments in the hopes of discovering some mitigating evidence."]

{¶24} We conclude the trial court did not err in overruling appellant's motion to release recut microscopic slides.  Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶25} Appellant's sole assignment of error is overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.